# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSE JAZZAN GARCIA,

    Petitioner,

vs.                                No. CIV 25-1257 JB/KK

KRISTI NOEM, Secretary, U.S. Department
of Homeland Security; U.S. DEPARTMENT
OF HOMELAND SECURITY; TODD
LYONS, Acting Director of ICE; PAMELA
BONDI, U.S. Attorney General; MARY  DE-
ANDA YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; GEORGE DEDOS, Warden of
Torrance County Detention Center,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion to Dismiss Petition for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Unlawful Detention (Doc.1),

filed January 27, 2026 (Doc. 13)("MTD").  The primary issue is whether the Court should grant

the MTD that Respondents Kristi Noem, Secretary, U.S. Department of Homeland Security;[1] the

United States Department of Homeland Security; Todd Lyons, Acting Director of ICE;  Pamela

Bondi, U.S. Attorney General;[2] Mary De-Anda Ybarra, Field Office Director of Enforcement and

Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; and George

---

[1] As of March 31, 2026, Noem is no longer the Secretary of Homeland Security.  See <u>Trump Ousts Noem as Homeland Security Secretary</u>, https://www.nytimes.com/live/2026/03/05/us/trump-news (last visited April 9, 2026).

[2] As of April 2, 2026, Bondi is no longer the U.S. Attorney General.  See <u>Pam Bondi Out As Attorney General</u>, https://www.politico.com/news/2026/04/02/pam-bondi-attorney-general-justice-department-00855413 (last visited April 9, 2026).

Dedos, Warden of Torrance County Detention Center (collectively "Federal Respondents") file,[3] because the Federal Respondents no longer detain Petitioner Jose Jazzan Garcia and whom is no longer in the United States of America.  The Court grants the MTD, which Garcia does not oppose, see Notice of Non-Opposition, filed March 4, 2026 (Doc. 14)("Notice"), concluding that the Petition for Writ of Habeas Corpus, filed December 18, 2025 (Doc. 1)("Petition"), is moot, because the Federal Respondents no longer detain Garcia and because Garcias is no longer in the United States.

**FACTUAL BACKGROUND**

On August 23, 2025, Garcia enters United States' custody for unpaid traffic tickets.  See Petition ¶ 1, at 9.  On December 18, 2025, Garcia files the Petition.  See MTD at 1.  On January 7, 2026, an Immigration Law Judge ("ILJ") finds Garcia removable and denies his application to cancel removal proceedings.  MTD at 1.  Subsequently, the ILJ grants Garcia's request for post-conclusion voluntary departure.  See MTD at 1.  On January 13, 2026, the Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, orders that the Federal Respondents release Garcia "on his own recognizance at the United States-Mexico border . . . so that he may voluntarily depart from the United States in accordance with the immigration judge's order permitting him to do so."  Order at 3 (Doc. 10)("Order").  The Federal Respondents release Garcia at the United States-Mexico border on January 16, 2026, and Garcia returns to Mexico.  See MTD at 2.

---

[3] The Federal Respondents' counsel notes that they "do not represent George Dedos, Warden, Cibola County Correctional Center, as that is a private facility, and Warden Dedos is not a federal employee."  MTD at 1 n.1.  The Federal Respondents' counsel states, however, that all arguments that the Federal Respondents make "apply with equal force to Warden Dedos," because he is detaining Petitioner Jose Jazzan Garcia at the United States of America's request.  MTD at 1 n.1.

**PROCEDURAL BACKGROUND**

On January 27, 2026, the Federal Respondents file the MTD.  MTD at 1.  In the MTD, the Federal Respondents request that the Court dismiss the Petition "as moot."  MTD at 1.  The Federal Respondents assert that there "is no longer any effectual relief which can be granted to the prevailing part, [sic] making the Petition moot," because Garcia is no longer in custody.  MTD at 2.  Moreover, Garcia's immigration proceedings are complete, and he is no longer in the United States.  See MTD at 2.  On March 4, 2026, Garcia files the Notice acknowledging "that the action is moot and [stating that he] does not oppose the Respondents' request for dismissal."  Notice at 1.

**ANALYSIS**

Article III of the United States' Constitution places a Constitutional limitation on the federal courts' jurisdiction to hear, and to determine, "cases and controversies," and thus provides the mootness doctrine.  U.S. Const. art. III, § 2, cl. 1.  "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."  McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996).  "'In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world.  When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot.'"  Abdulhaseeb v. Calbone, 600 F.3d 1301, 1311 (10th Cir. 2010)(quoting Kansas Jud. Rev. v. Stout, 562 F.3d 1240, 1246 (10th Cir. 2009)).  A case becomes moot "when a plaintiff no longer suffers 'actual injury that can be redressed by a favorable judicial decision.'"  Rhodes v. Judiscak, 676 F.3d 931, 933 (10th Cir. 2012)(quoting Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983)).

Here, the Court grants the MTD, concluding that the Petition is moot.  The Federal Respondents no longer detain Garcia, and he is no longer present in the United States, rendering it

impossible for the Court to grant any effectual relief.  Garcia files the Petition seeking an order directing the Federal Respondents to "release Petitioner Immediately." Petition at 74.  The Federal Respondents release Garcia on January 16, 2026.  See MTD at 2.  In addition, Garcia is no longer in the United States, and his removal proceedings have concluded, leaving no live controversy for the Court to resolve.  See MTD at 2.  Article III requires the existence of a live case or controversy at all stages of litigation for the Court to maintain subject-matter jurisdiction.  No live controversy exists here in light of Garcia's release and departure from the United States.  Accordingly, the Court concludes that the Petition is moot and grants the MTD.

**IT IS ORDERED** that: (i) the Motion to Dismiss Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Unlawful Detention (Doc.1), filed January 27, 2026 (Doc. 13), is granted; (ii) the Petition for Writ of Habeas Corpus, filed December 18, 2025 (Doc. 1), is dismissed; and (iii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Danial Gividen
Gividen Law, PLLC
Dallas, Texas

--and--

Brenda M. Villalpando
Villalpando Law Firm, PLLC
El Paso, Texas

    *Attorneys for the Petitioner*

Todd Blanche
  Acting United States Attorney General

- 5 -

Ryan Ellison
  First Assistant United States Attorney
Allison Shokes
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for Respondents Kristi Noem, U.S Department of Homeland Security, Pamela Bondi, Todd Lyons, and Mary De Anda-Ybarra.*

George Dedos
Albuquerque, New Mexico

      *Defendant pro se*